## LEEPER BROS. LUMBER CO. v. GUNTER.

No. 7807—Opinion Filed Oct. 17, 1916.

(160 Pac. 606.)

### Contracts—Construction—Subject-Matter.

Contract examined, and it is held, that no liability was created against Gunter until he collected the note, and the demurrer to the petition properly sustained.

(Syllabus by Hooker, C.)

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by the Leeper Brothers Lumber Company against Charles W. Gunter. Judgment for defendant, and plaintiff brings error. Affirmed.

Giddings & Dortch, for plaintiff in error.

Stephen C. Treadwell and William P. Harper, for defendant in error.

Opinion by HOOKER, C. In May, 1912, Hathaway Harper, being indebted to Leeper Bros. Lumber Company, a corporation, attempted to secure the same by entering into the following contract with said company, the essential part of it being as follows:

"During the month of April, 1912, policy No. 509094, Patterson, having been converted from the term plan to the ordinary life plan by party of the first part, the commission arising from said conversion being due party of the first part, upon payment being made by L. E. Patterson of the amount required to make said conversion, either to be paid within 30 days from the date of this instrument, or if note be given by said Patterson, payable to Chas. W. Gunter, or the Penn Mutual Life Insurance Company, said note maturing on or before—by November 1, 1912, and party of the first part being desirous of assigning said commission due thereunder, not to exceed $170 to the party of the second part, delivers to the party of the second part the said

amount of commission on the date as above written.

"It is further understood and agreed that C. W. Gunter, or the Penn Mutual Life Insurance Company, is hereby directed, upon payment of the above amount by the said Patterson, to pay and deliver to the said party of the second part the above amount."

At the bottom of which appears the following acceptance:

"I accept the above as per conditions therein expressed.      Chas. W. Gunter."

In the bill of particulars filed herein it is alleged that the said Patterson executed a note for the amount of said commission to said Harper, and delivered the same to the defendant, Gunter, who accepted said note and still retains the same, and that by reason thereof the liability named in said contract accrued to the plaintiff in error and against said Gunter. In other words, the contention of the plaintiff in error that the mere acceptance of this note executed by Patterson to Gunter for the commission due to Harper on said insurance policy and the retention thereof made Gunter immediately liable to the plaintiff in error, whether said note was ever collected by Gunter. In this contention we cannot agree. The contract, as we construe it, is unambiguous, and it has but one meaning. The provision of the first paragraph was merely reciting the option which permitted Patterson either to pay the premium within 30 days, or to execute a note therefor to Gunter or the Penn Mutual Life Insurance Company. The second paragraph, which to our minds clearly expresses the intention of the parties at the time, directs Gunter, upon payment of the above amount by the said Patterson, to pay and deliver said amount to said party of the second part. As we view this contract, no liability was created against Gunter until he collected this note; and, inasmuch as the bill of particulars does not allege that he has collected it, we are of opinion that the demurrer was properly sustained.

The judgment of the lower court is affirmed.

By the Court: It is so ordered.